DILLARD *et al. vs.* ELLINGTON, administrator.

[This case was argued at the last term and the decision reserved.]

The verdict of the jury being unsupported by the evidence in respect to the amount found to be due by V. B. Ellington to S. C. Ellington, executor of W. B. Ellington, and it being impracticable for this court to ascertain the precise sum which should be written off, so as to let the verdict stand on the defendant's writing off the same, a new trial must be granted—though there be no error of law ruled by the court on the trial.

New trial. Before Judge POTTLE. Wilkes Superior Court. November Adjourned Term, 1877.

Dillard *et al.*, as heirs at law of Violet B. Ellington, filed their bill against Ellington, her administrator, for account and settlement. The case made by the pleadings and evidence is fully reported in 57 *Ga.*, 567. A new trial was there granted.

Since the case was returned to the superior court, complainants added the following exceptions to the report of the master in chancery :

12. The master reports that on April 1, 1865, the estate of W. B. Ellington was indebted to Simeon C. Ellington, his executor, the sum of $17,280.85, and treats the same as a debt payable in good money.  Complainants say that the whole of said debt originated from advances made by the executor during the period from January 1, 1862, to April 1, 1865, and that such advances were made wholly in Confederate money, and that only the value of said money at the time he advanced it should be credited to the executor.

13.  The master reports that up to April 1, 1865, Violet B. Ellington had received from the estate of her father, W. B. Ellington, $5,758.77 in excess of her sister, Ann E. Complainants say, that from the commencement of the executorship of S. C. Ellington, in 1848, to January 1, 1862, Violet B. only received in excess of her sister, Ann E., the following, to-wit : the sum of $3,058.00 ; and from January 1, 1862, to April 1, 1865, only the following, to-wit : the sum of $837.00.

14. That the master, in his account current of the actings and doings of Simeon C. Ellington, as executor, erred in not bringing forward the interest due on the notes of the estate in May, 1854, (that being six years from the date of his administration) and compounding it then, and not compounding the interest annually thereafter at six per cent. per annum.

Complainants amend their sixth exception, and say that there was never any real balance in favor of the defendant as said executor until sometime during the year 1863, and immediately after the purchase by said executor of the said Confederate bonds; and any over-payment by said executor to said intestate before that time (if there was any such over-payment), was made out of funds of his testator's estate, and not out of funds of his own, and are, therefore, no part of any claim that he can legally hold against the estate of his

said intestate. And complainants say further, that after said balance first originated, the said Ann E. was advanced more by the said executor than the said intestate.

The defendant filed the following exceptions to the master's report:

Defendant, tendering issues of fact, makes the following exceptions to said report:

1. Because the master erred in the second item of his report, in crediting the estate of V. B. Ellington with $5,841.00, and interest of $2,307.37, making in all $8,149.00 on account "of transactions since April 1, 1865," the defendant is indebted to the said estate of Wm. B. Ellington the sum aforesaid; when, in truth and in fact, said estate of W. B. Ellington was indebted to said S. C. Ellington, executor, in the sum of $1,341.36, principal, with interest on said sum six years to October 1, 1874, making, in all, $1,946.00, and interest from that time until final settlement of this bill.

2. This defendant further excepts to the first item of the report, finding due this defendant $29,075.00 because the same is too small, and was arrived at upon an erroneous calculation in this, because said master compounded interest for terms of less than six years, and deprived this defendant of interest upon a large amount of his expenditures by applying the interest on the notes and other assets of the estate to extinguishing balances which were from time to time due him for investments and advances to the estate.

3. Because no time was allowed him to re-invest the money which came to his hands belonging to the estate.

Defendant also filed the following:

Defendant admits that V. B. Ellington is only liable to him for one-half of the balance found in his favor as due from the estate of W. B. Ellington, assuming the balance found, $29,075.04, to be correct, and is only entitled to one-half that credit from her estate in the event the said sum shall be found to be the proper balance due, and also insists that V. B. Ellington is only entitled to one-half of the second

item of $8,149.50, assuming that to be correct, and consents that both items may be corrected accordingly.

Exceptions to first item :

1. Because the said master, as appears from his calculation filed with his report, charged defendant with interest due upon the notes up to January 1, 1849, and capitalized the same, thereby increasing the same from the sum of $15,-387.23 to $17,381.38, thereby compounding interest against him from January 1, 1849.

2. Because the master took the account erroneously, in this, that he, from time to time, extinguished the annual balances in his favor by charging him with interest then due at such times upon the principal sum in his hands, upon which he was liable to account only on his final settlement and accounting with the complainant.

3. Because the master allowed no reasonable time either for the investment of the funds of the estate, nor did he allow him to hold without interest the necessary annual expenses. That the erroneous principles of calculation, if corrected in the said first item, would show a balance in his favor of $37,211.00, instead of $29,475.00, if allowed a reasonable time, to-wit : six months, for investments. One-half thereof is properly chargeable to V. B. Ellington, making the balance against her $18,605.10, instead of $14,537.82.

4. Defendant excepts to second item in the report of the master, because if the sum found by the master be the true sum, only one-half the same should be deducted from V. B. Ellington's indebtedness under the first item of the report.

5. Defendant further excepts to the second item of the report, because none of the moneys advanced to V. B. Ellington in 1866–67 and 1868, by defendant as her agent, are credited to defendant, which amounts to $4,064.88, which appears by defendant's answer by exhibit G., and by the return of defendant to the court of ordinary of Wilkes county, made in 1874.

6. Defendant excepts to the fourth item of the report, on the ground of the excess of the receipts from the common

fund by V. B. Ellington over Ann E. Ellington, in charging said fund, principal and interest, at only $9,788.80, when in fact the excess of said common fund received by said V. B. Ellington was, as appears from the evidence before the master, $10,628.79.

7. Defendant finally excepts to first, second and third items of the report and the final balance of the whole report, on the ground that when the report is corrected as above stated, the true amount due defendant by said V. B. Ellington from the estate of W. B. Ellington will be as follows:

Balance on settlement of estate of W. B. Ellington due the
   defendant as the executor of W. B. Ellington, by V. B.
   Ellington, up to April 1, 1865, will be ...............$18,605 10
   instead of $14,537.82.  To which must be added the
   balance due executor since April 1, 1865.  Instead of
   $4,189.81 being due said V. B. Ellington, there is due
   said S. C. Ellington................ ................ 1,341 31
Interest from October 10, 1868, when V. B. E. died........ 697 24
Balance on excess of amount drawn out of the common fund
   by V. B. Ellington, on the basis decided by supreme
   court....................................................... 10,625 70
 
Total due by V. B. Ellington .........................$31,272 35

Which is subject to be credited by the amount due by S. C. Ellington as administrator of the estate of V. B. Ellington, which is, as per report, $3,155.70, leaving as a net balance against said V. B. Ellington the sum of $28,116.59.

The jury found the following verdict:

"We, the jury, disapprove of each and all complainants' exceptions to master's report submitted to us, and approve of each and all the defendant's exceptions to said report submitted to us at this November adjourned term, 1877, and sustain the report as amended.

WM. R. CALLAWAY, Foreman."

Complainants moved for a new trial. It was refused, and they excepted.

S. H. HARDEMAN; SAM'L LUMPKIN; W. G. JOHNSON JNO. C. REED, for plaintiffs in error.

R. TOOMBS; W. M. & M. P. REESE, for defendant.

JACKSON, Justice.

When this case was before this court before, we held—57 *Ga.*, 567—that the jury had made their calculation upon an erroneous principle, and laid down the rule in the 11th head-note, and the explanation thereof in the opinion of Justice Bleckley, by which the calculation should be governed. It appears from the verdict itself, and the exceptions of counsel for defendant to which it refers, and which it sustains, that this rule was not adhered to, and thus that the verdict is against the law and the evidence ; and injustice, according to our view, has been done complainants.

On this ground we reverse the judgment and award a new trial.

Judgment reversed.